# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AEI WILLIAMS GROUP, CO., <br><br> Defendant. | CASE NO. C19-0616JLR <br><br> ORDER DENYING MOTION TO COMPEL AUDIT |

Before the court is Plaintiffs Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, and Western Washington Operating Engineers-Employers Training Trust Fund's (collectively, "Plaintiffs") motion for an order to compel audit. (Mot. (Dkt.

ORDER - 1

# 6).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

On April 25, 2019, Plaintiffs filed this action seeking to compel Defendant AEI Williams Group, Co. ("AEI") to submit to an audit. (*See* Compl. (Dkt. # 1).) Plaintiffs served the complaint on AEI on May 6, 2019. (Cert. of Serv. (Dkt. # 3).) Because AEI failed to appear or answer the complaint within 21 days of service, Plaintiffs moved for entry of default against AEI on May 30, 2019, and the Clerk entered an order of default against AEI the following day. (*See* Mot. for Default (Dkt. #4); Order (Dkt. # 5).) After the Clerk entered default, Plaintiffs filed the current motion. (*See generally* Mot.) In their motion, Plaintiffs request that the court compel AEI to produce audit documentation that Plaintiffs allege they are entitled to under certain collective bargaining agreements that AEI is a party to. (*See id.* at 5-8.)

In the Ninth Circuit, for purposes of discovery, "a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010). A non-party to an action may be compelled to produce documents only by a subpoena issued from the court for the district in which the production is to be made. *See* Fed. R. Civ. P. 34(c), 45. Here, AEI is in default. (*See* Order.) Thus, Plaintiffs must comply with Federal Rule of Civil Procedure 45 in order to compel AEI to produce audit documentation. *See, e.g.*, *Locals 302 & 612 of Int'l Union of Operating Eng'rs Const. Indus. Health & Sec. Fund v. Delos Santos Const., Inc.*, No. C10-1396JLR, 2010 WL 4983585, at *1 (W.D. Wash. Dec. 2, 2010). Plaintiffs did not submit evidence that they served Rule 45 subpoenas on AEI. (*See generally* Mot.)

Accordingly, the court DENIES Plaintiffs' motion for an order to compel audit (Dkt. # 6).

Dated this 24th day of September, 2019.

JAMES L. ROBART
United States District Judge