UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION HEALTH AND SECURITY FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AEI WILLIAMS GROUP, CO.,<br><br>    Defendant. | CASE NO. C19-0616 JLR<br><br>ORDER TO SHOW CAUSE AND GRANTING MOTION |

## I.    INTRODUCTION

Before the court is Plaintiffs Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, and Western Washington Operating Engineers-Employers Training

Trust Fund's (collectively, "Plaintiffs") motion for an order to show cause why Elmore W. Williams III, owner and Registered Agent of Defendant AEI Williams Group, Co. ("AEI"), should not be held in contempt of court. (Mot. (Dkt. # 16).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion as described below.

## II. BACKGROUND

On April 25, 2019, Plaintiffs filed this action to compel AEI to submit to an audit. (*See* Compl. (Dkt. # 1).) On May 1, 2019, Plaintiffs served the complaint on AEI via personal service on a person authorized to accept service, identified as Mr. Williams. (5/1/19 Cert. of Serv. (Dkt # 3).) When AEI failed to appear or answer the complaint within 21 days of service, Plaintiffs moved for entry of default against AEI, and the Clerk entered an order of default against AEI on May 31, 2019. (*See* Mot. for Default (Dkt. # 4); 5/31/19 Order (Dkt. # 5).) Plaintiffs filed a certificate of service that confirms a subpoena was served on AEI, again through Mr. Williams, on October 10, 2019.[1] (*See* 10/10/19 Cert. of Serv. (Dkt. # 10).) The subpoena requested that AEI produce the following documents to Plaintiffs by October 25, 2019:

> 1. Collective bargaining agreements and subscriber's agreements, for the entire testing period, covering the employees who are reported to the Trusts;

//

---

[1] Plaintiffs initially moved for an order to compel AEI to submit to an audit (9/18/19 MTC (Dkt. # 6)), which the court denied because AEI had defaulted, which meant that AEI had to be treated as a non-party for purposes of discovery. (*See* 9/24/19 Order (Dkt. # 9) at 2 (citing *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010)).) Thus, the court instructed Plaintiffs to utilize the Federal Rule of Civil Procedure 45 subpoena process. (*See* 9/24/19 Order at 2.)

2. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

3. Washington and Alaska tax and wage reports;

4. Monthly hours summaries or other documents used by you to facilitate accurate reporting to the Trusts;

5. Time cards for the most recent full quarter of the current year;

6. Monthly transmittals to the Trusts showing the names reported for benefits;

7. Monthly transmittals to other Trust Funds;

8. Detailed documentation of the job classifications of employees NOT reported to the Trusts; and

9. Cash disbursement journals or check registers.

(Subpoena (Dkt. # 13) at 1-2.) Plaintiffs requested documents that fall within these parameters and were created between January 1, 2016, and the present. (*See id.*) On October 28, 2019, Plaintiffs moved for an order to compel AEI's compliance with the subpoena. (*See* 10/28/19 MTC (Dkt. # 11).)

AEI did not respond to the subpoena (*see* Reid Decl. (Dkt. # 12) ¶ 3) or appear to attempt to quash the subpoena (*see generally* Dkt.). On November 25, 2019, the court entered an order granting Plaintiffs' motion to compel and ordering AEI to produce the documents listed in the subpoena. (*See* 11/25/19 Order (Dkt. # 14).) The court also "warn[ed] AEI that failure to comply with the subpoena may result in sanctions." (*Id.* at 4.) Plaintiffs served Mr. Williams personally with a copy of this order on December 4, 2019. (*See* 12/4/19 Cert. of Serv. (Dkt. # 15).) Neither AEI nor Mr. Williams have responded to the order compelling compliance with the subpoena. (*See* Mot. at 3.)

//

//

## III. ANALYSIS

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order." *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993). A court may use its civil contempt powers to coerce compliance with an order or to compensate a party for injuries or costs caused by contemptuous conduct. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). The burden in a motion for civil contempt rests with the moving party, who "must prove that the non-moving party has violated a court order by clear and convincing evidence." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). Although "there is no good faith exception to the requirement of obedience to a court order," a party should not be held in contempt for actions based on a reasonable interpretation of an order. *Go-Video*, 10 F.3d at 695. Once a moving party meets its burden, the burden shifts to the non-moving party to "show they took every reasonable step to comply." *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, the record before the court demonstrates that Plaintiffs have established by clear and convincing evidence that both AEI and Mr. Williams failed to comply with this court's order to comply with the subpoena. Although Plaintiffs moved for entry of an order to show cause only against Mr. Williams (*see* Mot. at 1), the court previously ordered AEI—not Mr. Williams—to produce the documents listed in the subpoena (*see* 11/25/19 Order at 4). As a registered agent of AEI, Mr. Williams can properly receive process on behalf of the corporation. *See* Fed. R. Civ. P. 4(h)(1)(B) (stating that service

of process may be effectuated on a corporation by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); (*see also* 10/10/19 Cert. of Serv.; 12/4/19 Cert. of Serv.). Despite receipt of the court's order two months ago, AEI has not responded. (*See* Mot. at 3 ("[Mr. Williams] has made no response to the Order Compelling Compliance with Subpoena Duces Tecum[.]".) Thus, although Plaintiffs did not request that the court issue an order to show cause against AEI, the court finds grounds to issue such an order.

Mr. William's non-party status does not exempt him from compliance with court orders. To be held liable in contempt, a non-party must (1) have notice of the order at issue and (2) "either abet the defendant in violating the court's order or be legally identified with him." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) (citing *NLRB v. Sequoia Dist. Council of Carpenters*, 568 F.2d 628, 633 (9th Cir. 1977)). Mr. Williams had notice of the order compelling compliance with the subpoena. (12/4/19 Cert. of Serv.) And as a corporate officer, Mr. Williams is legally identified with AEI.[2] *See Or. Laborers-Emp'rs Health & Welfare Tr. Fund v. Battan's Bldg.*

---

[2] Although Plaintiffs do not specify that Mr. Williams is a corporate officer of AEI, the court takes judicial notice of the record and documents on file with the Washington Secretary of State in concluding that Mr. Williams is legally identified with AEI. (*See* Mot. at 1 (identifying Mr. Williams as the owner and registered agent of AEI)); Wash. Sec'y of State, *AEI Williams Group, Co.: Initial Annual Report* (2010) (identifying Mr. Williams as an officer of AEI); Wash. Sec'y of State, *AEI Williams Group, Co.: Business Information*, Corps. & Charities Filing Sys., https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessFilings (search in Corporation Search for UBI "603 036 196"; follow "AEI Williams Group, Co.") (last visited Feb. 4, 2020) (identifying Mr. Williams as a governor of AEI); *see also* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."); *L'Garde, Inc. v. Raytheon Space &*

*Mgmt. & Const.*, No. CIV. 94-136-FR, 1994 WL 648022, at *2 (D. Or. Nov. 7, 1994) ("A corporate officer is legally identified with the corporation and, thus, liable for disobeying an order directed to the corporation." (citing *Sequoia Dist. Council of Carpenters*, 568 F.2d at 633)). Thus, Mr. Williams may be held liable for AEI's failure to comply with the court's order to compel compliance with the subpoena.

The record establishes by clear and convincing evidence that AEI has failed to comply with this court's order to comply with the subpoena and that Mr. Williams may be held in contempt for AEI's shortcomings. Thus, the burden shifts to AEI and Mr. Williams to "show 'categorically and in detail' why [they are] unable to comply with the court's previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981), *rev'd on other grounds*, 460 U.S. 752 (1983)). The court, therefore, concludes that an order to show cause why AEI and Mr. Williams should not be held in contempt is warranted.

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiffs' motion. The court ORDERS AEI and Mr. Williams to SHOW CAUSE, on or before March 17, 2020, why the court should not hold them in civil contempt for failure to comply with the court's order to compel compliance with subpoena duces tecum, which the court entered on November 25, 2019. The court sets a hearing on this matter on March 17, 2020, at 10:00 AM, at which time the parties may present evidence relevant to the court's consideration

---

*Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. Jul. 26, 2011) (taking judicial notice of the results of records searches on Secretary of State corporate search website).

of civil contempt.  AEI and Mr. Williams may file a written response to the court's order to show cause no later than March 2, 2020.  Plaintiffs may file a written response no later than March 9, 2020.  Finally, the court ORDERS Plaintiffs to personally serve both AEI and Mr. Williams with a copy of this order no later than February 21, 2020, and to file proof of such service on the court's docket.

Dated this 5th day of February, 2020.

JAMES L. ROBART
United States District Judge